

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2002

# Sinopoli v. Amer Arbitration

Precedential or Non-Precedential:

Docket 1-1268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Sinopoli v. Amer Arbitration" (2002). *2002 Decisions.* Paper 203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1268

DOUGLAS SINOPOLI,

Appellant

v.

AMERICAN ARBITRATION ASSOCIATION;
COMMUNICATION WORKERS OF AMERICA;
BELL ATLANTIC-NJ, INC.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(District Court No. 99-CV-389)
District Court Judge: Katherine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2002

Before: ALITO, RENDELL, and HALL, Circuit Judges.

(Opinion Filed:   March 25, 2002)

OPINION OF THE COURT

PER CURIAM:
    The facts and procedural background of this case are familiar to the
parties.  We
cannot accept Appellant's argument that he did not receive a proper
opportunity to make

a complete record in this case. We reject his contention that the Communications
Workers of America breached its duty of fair representation to him regarding the security
report. The District Court did not err when it upheld the arbitrator's ruling, after in
camera review, that Bell Atlantic NJ, Inc. need not disclose its security report to Douglas
Sinopoli.

We agree with the District Court that the matters at issue in Sinopoli's complaint
do not relate to any violation of the Family and Medical Leave Act ("FMLA"). An
FMLA violation occurs when a person exercises a right protected under the Act, and, as a
result, the employer discharges or otherwise discriminates against that person. See 29
U.S.C. 2615(a) (2000).

We hold that the District Court properly dismissed Sinopoli's complaint for failure
to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).
We have considered all of Appellant's arguments and find no ground to reverse.
The Order of the District Court on August 14, 2000 is therefore AFFIRMED.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.



Circuit Judge